John K. Buche (CA Bar No. 239477) (Local Counsel)
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel: (858) 459-9111
Fax: (858) 430-2426
jbuche@buchelaw.com

*Attorneys for Plaintiff Irven Wade*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| IRVEN WADE, <br><br> *Plaintiff*, <br><br> v. <br><br> SIEMENS INDUSTRY, INC., doing business as and referred to as SIEMENS USA, and ACARA SOLUTIONS, INC. <br><br> *Defendants*. | **Civil Action No.:** <br><br> **COMPLAINT** |

*Irven Wade v. Siemens Industry, Inc., et al.* – COMPLAINT

Plaintiff Irven Wade states his Complaint against Defendants Siemens Industry, Inc., doing business as Siemens USA, and Acara Solutions, Inc. based upon personal knowledge and information and belief:

## **INTRODUCTION**

1.     This case is all about access—equal access to employment opportunities. Irven Wade is deaf, and his primary language is American Sign Language or "ASL" for short. He requires an ASL interpreter to effectively communicate in many face-to-face workplace interactions.

2.     Wade applied for a welding position with Siemens through Acara, which is a staffing agency. He later learned from Acara and Siemens that all applicants must take a hearing test, which he would obviously fail. Thus, Wade cannot work at Siemens because he is deaf.

3.     Based on Wade's experience, it is evident that Defendants have failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals.

4.     Wade brings this lawsuit to compel Defendants to cease their unlawful discriminatory workplace practices and implement policies and procedures that will ensure that deaf and hard of hearing persons are free from discrimination.

5.     Wade brings this lawsuit seeking non-economic compensatory damages; statutory or exemplary damages; declaratory, injunctive, and equitable relief; and

2

attorney's fees and costs to redress Defendants' unlawful discrimination against him on the basis of his disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; and the California Fair Employment and Housing ("FEHA"), Cal. Gov. Code. § 12940.

## **PARTIES**

6.      Plaintiff Irven Wade is a resident of Sacramento, California, who is substantially limited in the major life activities of hearing and speaking. Thus, he has a "disability" within the meaning of state and federal civil rights laws.

7.      Defendant Siemens Industry, Inc., doing business as Siemens USA, is a Delaware corporation with a place of business in Sacramento, California.

8.      Siemens is a recipient of federal financial assistance.

9.      Upon information and belief, Siemens has more than fifteen employees.

10.      Defendant Acara Solutions, Inc. is a New York corporation with headquarters in Williamsville, New York.

11.      Acara is a recipient of federal financial assistance.

12.      Upon information and belief, Acara has more than fifteen employees.

## **JURISDICTION AND VENUE**

13.      This Court has subject-matter jurisdiction over Plaintiff's federal-law claims under because this action arises under federal law. 28 U.S.C. §§ 1331 & 1343.

3

*Irven Wade v. Siemens Industry, Inc., et al.* – COMPLAINT

14.     This Court has supplemental jurisdiction over Plaintiff's state-law claim because they form part of the same case or controversy as Plaintiff's federal-law claims. 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Defendants because Defendants are subject to the jurisdiction of the Eastern District of California. Plaintiff's claims arise out of Defendants' conduct of business in the Eastern District of California. Fed. R. Civ. P. 4(k)(1).

16.     Venue lies in this District because Siemens resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of California. 28 U.S.C. § 1391(b).

## CONDITION PRECEDENT

17.     In compliance with 42 U.S.C. § 2000e-5, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, which issued a Notice of Right to Sue on August 24, 2020.

18.     This Complaint was filed within ninety days of the EEOC's Notice of Right to Sue.

19.     Plaintiff also filed a timely charge of discrimination with the Department of Fair Employment & Housing, which issued a Right to Sue on October 6, 2020.

20.     This Complaint was filed within one year of the Department's Right to Sue Notice.

4

21.     Thus, Plaintiff has satisfied all conditions precedent to the filing of this Complaint.

**FACTUAL ALLEGATIONS**

22.     Irven Wade is a profoundly deaf individual who primarily communicates in ASL.

23.     American Sign Language, "the sixth most commonly used language in this country," is not a gestured form of English. "ASL is a mix of native signs and French sign language. Some words are finger-spelled, borrowed from English the same way that the words gourmet, roulette, and taco are borrowed from French and Spanish." And the native signs derive from "hand shape, palm direction, placement of the hand on the body or within the signing space, movement, and non-manuals (facial expressions)." D. Scheier, *Barriers to Health Care for People with Hearing Loss: A Review of Literature, Journal of the New York State Nurses Association* at 6, https://bit.ly/2QYg8T6 (internal citations omitted).

24.     Wade has a welding degree and certificate from Sierra College.

25.     Wade applied for a welding position with Siemens through Acara, which is a staffing agency.

26.     Patty Diaz, a recruiter with Acara, spoke with Wade through an ASL interpreter at Sierra College. Based on his skills, certificates, and experience in welding, Diaz recommended that Wade apply for a welding position at Siemens. Wade gave her his resume, and Diaz arranged for his employment interview with Angie and Charity Ramos

from Siemens.

27.     About two weeks later, Wade missed a call from Siemens. He called back right away, and the Siemens representatives found out that Wade was deaf through his use of Sorenson Videophone Relay to place the call. The Siemens representatives said that they would hold onto Wade's resume and would contact him soon.

28.     The application process was then delayed. After waiting for several months to call him back, Wade went ahead and called Acara, and Siemens representatives were present.

29.     On October 29, 2019, Wade eventually spoke with Siemens representatives—Angie and Charity Ramos—who never explained the delay in the process.

30.     Eventually, Wade learned that all applicants for the welding position must take a hearing test, which Wade would obviously fail. Thus, Wade cannot work at Siemens because he is deaf.

31.     Defendants' civil-rights violations are inherently distressful.

32.     Defendants knew or should have known of their obligations as covered entities under state and federal antidiscrimination laws to develop policies to promote compliance with these statutes and to provide reasonable accommodations or auxiliary aids and services.

33.     Defendants knew or should have known that their actions and inactions created an unreasonable risk of causing Wade greater levels of fear, anxiety, indignity,

6

humiliation, and emotional distress than a hearing person would be expected to experience.

34.     Nonetheless, whether through deliberate design or apathetic attitudes, Defendants prevented Wade from receiving equal participation in the workplace by failing to provide the reasonable accommodations or auxiliary aids and services necessary for him.

35.     In doing so, Defendants intentionally discriminated against Wade, acting with deliberate indifference to his federally protected rights.

36.     Defendants' wrongful and intentional discrimination against Wade on the basis of disability is reflected by Defendants' failure to train employees and promulgate policies of non-discrimination against deaf and hard of hearing individuals.

37.     Wade is entitled to equal access to services offered by Defendants as are enjoyed by non-disabled persons.

38.     Defendants' willful, knowing, and repeated acts of intentional discrimination against Wade evince a pattern and practice of discrimination that violated state and federal antidiscrimination laws that caused him to suffer humiliation, anxiety, and other emotional distress.

## CAUSES OF ACTION

### CLAIM I:  Violations of Title I of the Americans with Disabilities Act

39.     Plaintiff re-alleges and incorporates every allegation in this Complaint.

40.     At all times relevant to this action, Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*, has been in full force and effect and has applied to

7

Defendant's conduct.

41.    At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of "hearing" and "speaking" and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2).

42.    Siemens is both a covered entity and an employer within the meaning of Title I of the ADA. 42 U.S.C. §§ 12111(2) and 12111(5).

43.    Acara is both a covered entity and an employer within the meaning of Title I of the ADA. 42 U.S.C. §§ 12111(2) and 12111(5).

44.    Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

45.    Title I of the ADA defines discrimination to include "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C. § 12112(b)(1).

46.    Title I of the ADA further defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the

8

operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

47.    Title I of the ADA further defines discrimination to include "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5)(B).

48.    Defendants discriminated against Plaintiff on the basis of his disability by discriminating against his in regard to the terms, conditions, and privileges of employment in violation of 42 U.S.C. § 12112(a); limiting his in a way that adversely affects his opportunities and status in violation of 42 U.S.C. § 12112(b)(1); using methods of administration that have the effect of discrimination on the basis of disability in violation of 42 U.S.C. § 12112(b)(3); failing to make reasonable accommodations in violation of 42 U.S.C. § 12112(b)(5)(A); and denying employment opportunities based on the need to make such accommodations in violation of 42 U.S.C. § 12112(b)(5)(B).

49.    Defendants' discrimination includes failing to make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability. 29 C.F.R. § 1630.9(a).

50.    Plaintiff is entitled to all remedies available for violations of the ADA. 42 U.S.C. § 12188(a)(1)–(2); 42 U.S.C. § 2000a-3.

**CLAIM II:  Violations of Section 504 of the Rehabilitation Act**

9

51.     Plaintiff re-alleges and incorporates every allegation in this Complaint.

52.     At all times relevant to this action, Section 504 of the Rehabilitation, 29 U.S.C. § 794, has been in full force and effect and has applied to Defendants' conduct.

53.     At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of hearing and speaking and has been an individual with a disability within the meaning of the RA. 29 U.S.C. § 705(9); 42 U.S.C. § 12102(2).

54.     At all times relevant to this action, Siemens has been a program or activity receiving federal financial assistance under 29 U.S.C. § 794(b).

55.     At all times relevant to this action, Acara has been a program or activity receiving federal financial assistance under 29 U.S.C. § 794(b).

56.     The RA provides that no "otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

57.     Defendants discriminated against Plaintiff solely on the basis of his disability by denying him meaningful access to the services, programs, and benefits Defendants offer to other individuals and by refusing to provide reasonable accommodations or auxiliary aids and services necessary to ensure effective communication in violation of the RA.

58.     Defendants have failed to implement policies, procedures, and training of staff necessary to ensure compliance with the RA and its implementing regulations.

10

59.     Plaintiff is entitled to injunctive relief; attorney's fees, costs, and disbursements; and compensatory damages for the injuries and loss he sustained as a result of Defendant's discriminatory conduct and deliberate indifference under 29 U.S.C. § 794a.

60.     Plaintiff is entitled to all remedies available for violations of the RA.

**CLAIM III:  Violations of the California Fair Employment and Housing Act**

61.     Plaintiff re-alleges and incorporates every allegation in this Complaint.

62.     The California Fair Employment and Housing Act or FEHA prohibits "an employer, because of the . . . disability . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov. Code. § 12940(a)

63.     FEHA prohibits "any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so." Cal. Gov. Code. § 12940(i).

64.     FEHA prohibits "an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov. Code. § 12940(k).

65.     FEHA prohibits "an employer or other entity covered by this part to fail to

11

engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov. Code. § 12940(n).

66.     Defendants are either an "employer" or an "employment agency" within the meaning of FEHA. Cal. Gov. Code § 12926(d)–(e).

67.     In light of his deafness, Plaintiff has a "physical disability" within the meaning of FEHA. Cal. Gov. Code § 12926(m) & (n).

68.     Plaintiff is entitled to "reasonable accommodations" within the meaning of FEHA. Cal. Gov. Code § 12926(p)(1).

69.     Plaintiff can perform the "essential functions" of the job with or without reasonable accommodations. Cal. Gov. Code § 12926(f).

70.     Defendants violated FEHA by discriminating against Plaintiff.

71.     Defendant has failed to implement policies, procedures, and training of staff necessary to ensure compliance with FEHA.

72.     Plaintiff is entitled to all remedies available for violations of FEHA. Cal. Gov. Code § 12965.

73.     Plaintiff is entitled to injunctive relief; attorney's fees, costs, and disbursements; and compensatory damages for the injuries and losses he sustained as a result of Defendant's discriminatory conduct. Plaintiff is further entitled to seek punitive

12

damages. Cal. Gov. Code § 12965(b)–(c).

## **PRAYER FOR RELIEF**

Plaintiff Irven Wade requests the following relief for the violations set forth in this Complaint:

a.   A declaratory judgment that Defendants' disability-accommodation policies are unlawful;

b.   A declaratory judgment that Defendants violated Title I of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the California Fair Employment and Housing Act;

c.   A permanent injunction forbidding Defendants from engaging in the unlawful practices described in this Complaint;

d.   Compensatory damages;

e.   Punitive damages under the California Fair Employment and Housing Act;

f.   An imposition of penalties available under applicable laws;

g.   Litigation costs and expenses, including reasonable attorney's fees;

h.   Interest on all amounts at the highest rates and from the earliest dates allowed by law; and

i.   Any other relief that the Court deems just and proper.

13

Dated: <u>October 16, 2020</u>          Respectfully submitted,

<u>/s/ John K. Buche</u>
John K. Buche (SBN 239477) (Local Counsel)
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel: (858) 459-9111
Fax: (848)430-2426
E-mail: jbuche@buchelaw.com

*Attorneys for Plaintiff Irven Wade*

14